IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK BLOCKHUS,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| **UNITED AIRLINES, INC.,** ) | |
| 233 S. Wacker Dr. ) | |
| 14th Floor ) | Case No.: _____ |
| **Chicago, IL 60606,** ) | |
| ) | |
| *Serve Registered Agent*: ) | **JURY TRIAL DEMANDED** |
| ) | |
| C T Corporation System, ) | |
| 208 S. Lasalle St. ) | |
| Suite 814 ) | |
| Chicago, IL 60604, ) | |
| ) | |
| *Defendant*. ) | |

## COMPLAINT

Plaintiff Derek Blockhus, by and through undersigned counsel, files this Civil Petition and demand for jury trial against Defendant United Airlines, Inc. for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. (ADA), the Family Medical Leave Act of 1993, 29 U.S.C. 2601, *et seq*. (FMLA), and the Age Discrimination in Employment Act (ADEA).

### JURISDICTION

1. The Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

2. Jurisdiction is proper because Plaintiff has exhausted his administrative remedies.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the unlawful

1

employment practices alleged in this action took place in Chicago, IL, where Defendant is headquartered.

## PARTIES

4. Plaintiff is a resident of Bristow, VA, and was employed by Defendant from in or about March 1997 until on or about February 26, 2021.

5. Defendant is a Delaware corporation with its principal place of business in Illinois.

## ADMINISTRATIVE EXHAUSTION

6. On September 9, 2021, Blockhus timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Blockhus amended this charge and cross-filed it with the Illinois Department of Human Rights on December 3, 2021.

7. On June 1, 2022, the 180-day investigation period for EEOC investigation ended without resolution from the EEOC.

8. On June 22, 2022, the EEOC issued Blockhus a Notice of Right to Sue.

9. The Court has jurisdiction over this action because Blockhus has exhausted his administrative remedies under Title VII, and because the EEOC has been processing the matter for more than 180 days since Blockhus filed his charge of discrimination.

## FACTUAL ALLEGATIONS

10. Blockhus is a 52-year-old man who suffers from anxiety disorder and alcohol abuse disorder.

11. Blockhus began working for United in or about March 1997 as a flight attendant. He has operated out of Washington Dulles International Airport in Dulles, VA since in or about 2001.

12. During his employment with United, Blockhus was not the subject of any customer complaints, and he had no attendance or performance issues.

13. Due to his seniority, Blockhus earned a higher hourly rate than younger flight attendants earn.

14. In or about January 2021, Blockhus learned that a furloughed flight attendant, Katherine Lense, was spreading rumors that he was romantically involved with another flight attendant, Mindy Richards, who is married.

15. Blockhus and Lense were in a romantic relationship from in or about November 2019 until in or about December 2020.

16. Blockhus and Richards attempted to contact Lense to ask her to stop spreading this rumor, but Lense did not respond to Blockhus's calls.

17. On or about January 25, 2021, Blockhus left Lense a voicemail stating that he and Richards were going to complain to human resources to report Lense's sexually harassing conduct. Later that same day, Lense complained to human resources about Blockhus in an attempt to preempt Blockhus's sexual harassment complaint.

18. In her complaint, Lense lied about the date that their relationship ended and falsely attributed text messages to Blockhus.

19. On or about February 4, 2021, Blockhus received an email notification that United was investigating a complaint about him. Blockhus called his supervisor, Kayla Howell, and asked her for details about the complaint, Howell told Blockhus that she had no information regarding the complaint, including the identity of the person who filed it.

20. Later that same day, on or about February 4, 2021, Blockhus received a notice signed by Howell informing Blockhus that Lense had complained that he was harassing her and

3

directing him to attend an investigatory meeting on February 8, 2021. United then removed Blockhus from his next scheduled flights.

21. Blockhus assembled evidence disproving Lense's claim that he was harassing her, including evidence proving that their relationship extended well beyond August 2020 as well as phone records evidencing that he did not send Lense the texts falsely attributed to him.

22. Blockhus's alcohol dependency and anxiety disorders worsened as a result of the stress prompted by the allegations and the investigation.

23. On or about February 8, 2021, Blockhus contacted United Employee Assistance Program to seek treatment for his alcohol dependency disorder and anxiety disorder. Blockhus's union representative and United management agreed to postpone the investigation until Blockhus was able to participate.

24. Blockhus requested medical leave pursuant to the Family Medical Leave Act from February 8, 2021, through April 5, 2021, to attend this inpatient program.

25. United approved Blockhus's FMLA leave request on or about February 16, 2021.

26. Blockhus was given less time than other United employees to submit the documents supporting his FMLA leave request. Despite this reduced timeline, Blockhus submitted the documentation necessary to support his request, and reflected an FMLA qualifying condition which required inpatient treatment.

27. On or about February 9, 2021, Blockhus checked in to Lakeview Rehabilitation Medical Center in Jacksonville, FL, to attend an eight-week rehabilitation program. Lakeview has a contract with United to provide rehabilitative care to United employees.

28. On or about February 12, 2021, Blockhus was sent a second notice from United directing him to refrain from contacting Lense and directing him to attend a mandatory meeting

4

on February 15, 2021. Blockhus did not have access to his email during this period because of his medical treatment, and he did not see this notice.

29. Furthermore, United did not invite Blockhus's union representative to attend this meeting in violation of their collective bargaining agreement (CBA) and their agreement to postpone the investigation until Blockhus was able to participate.

30. On or about February 26, 2021, United terminated Blockhus, who did not have an opportunity to respond to the allegations against him.

31. United's decision to terminate Blockhus was made after United had knowledge that Blockhus had requested, and was approved for, FMLA leave.

32. At time of his termination by United, Blockhus had more than 1,000 hours of sick leave banked and available for his use while in treatment.

33. On information and belief, Blockhus's health insurance was cancelled on or around February 28, 2021.

34. United did not notify Blockhus of his rights to continue health insurance coverage under COBRA, nor did it offer him the opportunity to elect such coverage.

35. As the result of United terminating him and the subsequent loss of health insurance benefits, Blockhus was forced to leave Lakeview approximately three weeks into an eight-week inpatient program. Blockhus was subsequently unable to complete the course of treatment for his alcohol dependency and anxiety disorders, which limited his ability to return to a normal life.

36. United's decision to terminate Blockhus could dissuade other employees from engaging in protected activity such as using FMLA leave for the treatment of anxiety disorders and substance dependency or other serious health conditions.

37. As the result of United's illegal actions, Blockhus has sustained mental anguish and economic damages, and he will continue to sustain damages into the future.

## COUNT I
## Discrimination Based on Disability
## in Violation of the Americans with Disabilities Act

38. Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

39. Defendant unlawfully discriminated against Plaintiff on the basis of his disability.

40. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. makes it unlawful for an employer to discriminate against any individual with respect to his terms, conditions, or privileges of employment because of his disability.

41. Plaintiff is a disabled individual under the ADA. His alcohol dependency disorder and his anxiety impact several aspects of his daily life.

42. Plaintiff is a qualified individual under the meaning of the statute. He was a longtime employee who had no attendance or performance issues or customer complaints.

43. Defendant discriminated against Plaintiff when it terminated him while he was treating his disabilities without properly investigating the complaint against him.

44. Any asserted reason for this mistreatment is illegitimate pretext for unlawful discrimination.

45. As a result of Defendant's violations of the ADA, Plaintiff has suffered mental anguish and economic damages, and he will continue to suffer damages into the future.

## COUNT II
## Interference in Violation of
## The Family and Medical Leave Act

46. Plaintiff adopts and incorporates by reference the averments of the preceding

6

paragraphs as if fully set forth herein.

47. At all times relevant to this complaint, Blockhus was a "person" and an "employee" as defined by 29 U.S.C. § 2611(2)(A).

48. At all times relevant to this complaint, United was an "employer" as defined by 29 U.S.C. § 2611(4)(A). During all relevant times, United controlled the terms and conditions of Blockhus's employment.

49. Blockhus was eligible to take FMLA leave as he had been an employee for longer than 12 months prior to requesting it in February 2021.

50. United denied Blockhus FMLA benefits when on or about February 12, 2021, it directed Blockhus to appear at an investigatory meeting on February 15, 2021, and then terminated him based on this investigation while he was still on FMLA leave.

51. A casual connection exists between Blockhus's protected activity and Blockhus's termination, as evidenced by the fact that United knowingly set an investigatory meeting on a date Blockhus could not attend during his FMLA period and terminated him during his FMLA period.

52. Adverse actions were taken against Blockhus, in whole or in part, because he exercised his rights under the FMLA, and he engaged in protected activity.

53. United's stated reasons for terminating Blockhus are pretextual.

54. Blockhus sustained and is continuing to sustain damages as the result of the Defendant's illegal actions in violation of the FMLA.

## COUNT III
### Discrimination Based on Age
### in Violation of the Age Discrimination in Employment Act

55. Plaintiff adopts and incorporates by reference the averments of the preceding

paragraphs as if fully set forth herein.

56. Defendant unlawfully discriminated against Plaintiff on the basis of his age.

57. The Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, makes it unlawful for an employer to discriminate against any individual with respect to his terms, conditions, or privileges of employment because he is over 40 years of age.

58. Plaintiff is a protected individual under the ADEA because he was 52 years of age at the time he was terminated.

59. Younger employees of United with less experience and seniority who were actually engaged in activity of which Lense accused Blockhus were treated differently than Blockhus.

60. United's stated and forthcoming reasons for terminating Blockhus are pretextual.

61. Blockhus has suffered and will continue to suffer damages as a result of United's unlawful actions.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests that he be awarded the following relief:

a. Judgment against Defendant in an amount of any wages, salary, employment benefits, or other compensation denied or lost to Blockhus, including economic damages, liquidated damages, compensatory and punitive damages to be determined at trial;

b. Re-employment, reinstatement, promotion, front pay, or other equitable relief;

c. Pre-judgment interest;

d. Interest due on unpaid wages;

e. A reasonable attorney's fee and costs of this litigation;

f.  Injunctive and declaratory relief; and

g.  Reasonable expert witness fees;

h.  Any other relief that this Honorable Court deems just and proper to award.

## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

                                      Respectfully submitted,

                                      */s/ R. Scott Oswald*
                                      R. Scott Oswald, Bar No. 458859
                                      John T. Harrington, *pro hac vice to be filed*
                                      The Employment Law Group, P.C.
                                      1717 K Street NW, Suite 1110
                                      Washington, D.C. 20006-5345
                                      (202) 261-2830 (telephone)
                                      (202) 261-2835 (facsimile)
                                      soswald@employmentlawgroup.com
                                      tharrington@employmentlawgroup.com
                                      *Counsel for Plaintiff*